Roderick M. Thompson (State Bar No. 96192)
Alexander E. Potente (State Bar No. 208240)
Lucas W. Huizar (State Bar No. 227111)
FARELLA BRAUN & MARTEL LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

Attorneys for Plaintiffs
ANDREW PICKHOLTZ and
353 PATENT LLC

Andrew Pickholtz (State Bar No. 145585)
1464 Church Street
San Francisco, CA 94131
Telephone: (415) 206-0112

Attorney for Plaintiff
ANDREW PICKHOLTZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW PICKHOLTZ, an individual residing in California, and 353 PATENT LLC, a Delaware Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>ALADDIN KNOWLEDGE SYSTEMS LTD., an Israeli Corporation, and ALADDIN KNOWLEDGE SYSTEMS INC., a New York Corporation,<br><br>Defendants. | Case No. CV 04-01979 WHA<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Andrew Pickholtz ("Pickholtz") and 353 Patent LLC hereby allege as follows:

**INTRODUCTION**

1.  This is an action for patent infringement. The patent in suit is directed to computer hardware keys, or "dongles," that limit unauthorized use of software.

FIRST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT

Farella Braun & Martel LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

18786\712778.1

## THE PARTIES

2. Plaintiff Pickholtz is an individual residing in San Francisco, California.

3. Plaintiff 353 Patent LLC is a Delaware limited liability company with its principal place of business located in the state of Maryland.

4. Defendant Aladdin Knowledge Systems Ltd. ("Aladdin Ltd.") is an Israeli corporation with its principal place of business in Israel. Plaintiffs are informed and believe and thereon allege that Aladdin Ltd. markets and, directly or indirectly, sells dongle hardware in this judicial district.

5. Defendant Aladdin Knowledge Systems Inc. ("Aladdin Inc.") is a New York corporation with its principal place of business in Arlington Heights, IL and is a wholly-owned subsidiary of Aladdin Ltd. Plaintiffs are informed and believe and thereon allege that Aladdin Inc. markets and, directly or indirectly, sells dongle hardware in this judicial district. Aladdin Inc. is registered to do business in California.

## JURISDICTION AND VENUE

6. This action arises under the Acts of Congress relating to patents, 35 U.S.C. § 100, *et seq*. It is also between citizens of different states and foreign states where the matter in controversy exceeds the sum or value of $75,000.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a).

8. Venue is proper in this District under the provisions of 28 U.S.C. § 1400(b) and § 1391.

## INTRADISTRICT ASSIGNMENT

9. This is an intellectual property action and is therefore exempt from the Court's Assignment Plan under Civil L.R. 3-2(c).

## FACTUAL BACKGROUND

10. Without adequate security, computer software pirates can copy a computer program and resell the copies at a fraction of the cost of the original, properly licensed software.

Farella Braun & Martel LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

FIRST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT - 2 - 18786\712778.1

1  To combat such software piracy, software developers use security measures that make such
2  piracy more difficult.

3      11.    Recognizing the limitations of the earlier forms of software anti-piracy methods,
4  Pickholtz developed a novel software protection method and apparatus.

5      12.    On October 26, 1981, Pickholtz filed a United States Patent Application on his
6  new invention entitled "Software Protection Method and Apparatus."

7      13.    After examination of the Patent Application, the U.S. Patent and Trademark Office
8  duly and legally issued United States Patent No. 4,593,353 (the "'353 Patent") on June 3, 1986.
9  The '353 Patent is directed to computer hardware dongles used to limit piracy and other
10 unauthorized uses of computer software. A true and correct copy of the '353 Patent is attached
11 hereto as Exhibit A. The '353 Patent was valid and enforceable prior to its expiration on June 3,
12 2003.

13     14.    Pickholtz is the inventor of, and owns the rights to sue the Defendants under, the
14 '353 Patent.

15     15.    353 Patent LLC is the owner, by assignment, of all rights, title and interest in the
16 '353 Patent not held by Pickholtz.

17     16.    Together, Pickholtz and 353 Patent LLC own all rights in the '353 Patent.

18     17.    Before expiration of the '353 Patent, Aladdin Ltd. and its wholly-owned
19 subsidiary, Aladdin Inc., manufactured, marketed, advertised, distributed, offered for sale, sold
20 and/or used in the United States computer hardware dongles, including, but not limited to, those
21 marketed under the product lines "HASP (Hardware Against Software Piracy)," "Hardlock," and
22 "MicroGuard."

23     18.    Before expiration of the '353 Patent, Aladdin Ltd. and Aladdin Inc. actively
24 encouraged, instructed and directed their customers on how to use the HASP, Hardlock, and
25 MicroGuard products in the manner intended by Aladdin Ltd. and Aladdin Inc.

Farella Braun & Martel LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

FIRST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT       - 3 -                                          18786\712778.1

## CLAIM FOR RELIEF

## (INFRINGEMENT OF U.S. PATENT NO. 4,593,353)

19. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 18, inclusive.

20. When used in the manner intended by Aladdin Ltd. and Aladdin Inc., each of the HASP, Hardlock, and MicroGuard products infringed the '353 Patent.

21. The above-mentioned acts by defendant Aladdin Ltd. constituted direct infringement of the '353 Patent as proscribed by 35 U.S.C. § 271(a).

22. The above-mentioned acts by defendant Aladdin Inc. constituted direct infringement of the '353 Patent as proscribed by 35 U.S.C. § 271(a).

23. The above-mentioned acts of Aladdin Ltd. constituted contributory, indirect, and active inducement of infringement of the '353 Patent as proscribed by 35 U.S.C. § 271(b)-(c).

24. The above-mentioned acts of Aladdin Inc. constituted contributory, indirect, and active inducement of infringement of the '353 Patent as proscribed by 35 U.S.C. § 271(b)-(c).

25. On information and belief, defendants Aladdin Ltd. and Aladdin Inc. had been on notice of the '353 Patent and continued to engage in acts of infringement despite such notice.

26. On information and belief, the infringement of the '353 Patent by Aladdin Ltd. and Aladdin Inc. was willful and deliberate with full knowledge of said patent.

27. As a result of Defendant's infringement, Pickholtz suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Pickholtz and 353 Patent LLC pray that the Court:

1. Award damages to Pickholtz against defendants Aladdin Ltd. and Aladdin Inc., jointly and severally, adequate to compensate Pickholtz for the infringing activities, but in no event less than a reasonable royalty for such infringement, as provided for by 35 U.S.C. § 284;

2. Declare that defendants Aladdin Ltd. and Aladdin Inc. willfully infringed the '353 Patent;

Farella Braun & Martel LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

FIRST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT            - 4 -                    18786\712778.1

3. Assess enhanced damages against defendants Aladdin Ltd. and Aladdin Inc., jointly and severally, for their willful and deliberate acts of infringement, as provided for by 35 U.S.C. § 284;

4. Assess interest on the damages so computed;

5. Award Pickholtz's attorneys' fees, costs of suit, pre-judgment interest as provided for by 35 U.S.C. § 285; and

6. Grant such further relief as the Court may deem just and proper.

DATED: June 10, 2004          FARELLA BRAUN & MARTEL LLP

By: /s/
Roderick M. Thompson

Attorneys for Plaintiffs
ANDREW PICKHOLTZ
and 353 PATENT LLC

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED: June 10, 2004          FARELLA BRAUN & MARTEL LLP

By: /s/
Roderick M. Thompson

Attorneys for Plaintiffs
ANDREW PICKHOLTZ
and 353 PATENT LLC

Farella Braun & Martel LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

FIRST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
- 5 -
18786\712778.1

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- Rainbow Technologies, Inc.,
- SafeNet, Inc., the parent of Rainbow Technologies, Inc.

DATED: June 10, 2004                                  FARELLA BRAUN & MARTEL LLP


By: _____/s/_____
      Roderick M. Thompson

Attorneys for Plaintiffs
ANDREW PICKHOLTZ
and 353 PATENT LLC

FIRST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT                - 6 -                             18786\712778.1